STATE OF CONNECTICUT *v.* SCOTT GRAHAM
(12611)

SCHALLER, SPEAR and HENNESSY, Js.

Submitted on briefs October 27, 1994—decision released January 10, 1995

*Eugene Callahan,* state's attorney, and *James M. Ralls* and *Phillip D'Eramo,* assistant state's attorneys, filed a brief for the appellant (state).

*Lawrence Geller* filed a brief for the appellee (defendant).

SCHALLER, J. The state appeals from the judgment rendered upon the trial court's granting the defendant's motion in arrest of judgment based on *State* v. *Patterson,* 31 Conn. App. 278, 624 A.2d 1146 (1993), rev'd, 230 Conn. 385, 645 A.2d 535 (1994), which held that it was per se reversible error for a judge to be absent from the courtroom during jury voir dire in a criminal trial. The sole issue is whether the judge's absence from voir dire is per se reversible error and whether the defendant's right to have the judge present during voir dire is not waivable.

After the trial court in this case granted the defendant's motion in arrest of judgment, our Supreme Court in *State* v. *Patterson,* supra, 230 Conn. 385, held that a defendant may waive both his own right to have the judge physically present during the voir dire and his right to assert a juror's interest in the continuous presence of a judge at a criminal voir dire. The trial court, therefore, improperly granted the motion in arrest of judgment. In the exercise of its supervisory powers,

the Supreme Court also determined that, in the future, a trial judge is required to remain on the bench throughout the voir dire of a criminal trial and that this requirement cannot be waived.

The state claims that the defendant waived his right to have the judge present during voir dire. We agree. In *Patterson*, the Supreme Court stated that "[i]n some circumstances, a waiver of rights must be knowing, voluntary and intelligent, and it must be expressly made. . . . In other circumstances, waiver can be implied. . . . We conclude that the waiver of judicial supervision of the entire voir dire in a criminal case need not be more deliberately expressed than the waiver of rights under *Batson* v. *Kentucky*, [476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)]. The waiver can be made by counsel, and it will ordinarily be inferred from the absence of an objection." (Citations omitted.) *State* v. *Patterson*, supra, 230 Conn. 396.

As in *Patterson*, the record in this case indicates that a valid waiver occurred. The defendant was represented by counsel and had had prior experience with the criminal justice system. The transcript of the voir dire reveals that the defendant acquiesced when the judge left the courtroom. The state's attorney and defense counsel then proceeded expeditiously to select six jurors and one alternate without requesting that any judicial determinations be made. "This behavior demonstrates that the defendant considered the judge's presence to be essential only [in the event of] contested portions of the voir dire. During the uncontested portions of the voir dire, the defendant was satisfied with the judge's being absent and available, and with the proceedings being recorded on a tape cassette." Id., 39.7.[1]

---

[1] "Because we conclude that the defendant waived any right to continuous judicial supervision over the voir dire, and therefore that there was

The judgment dismissing the information is reversed and the case is remanded with direction to render judgment of guilty in accordance with the jury verdict.

In this opinion the other judges concurred.

no error arising out of the judge's absence during the voir dire, we need not address whether such absence may be harmless error and whether it was harmless in this case." *State* v. *Patterson*, supra, 230 Conn. 397 n.11.