## STATE OF CONNECTICUT *v.* SCOTT GRAHAM
## (AC 15121)

Dupont, C. J., and Landau and Spear, Js.

Argued January 27—officially released April 29, 1997

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Eugene Callahan*, state's

attorney, and *Robert Katz*, assistant state's attorney, for the appellant (state).

*Abram Heisler*, with whom, on the brief, was *John W. Imhoff, Jr.*, for the appellee (defendant).

*Opinion*

SPEAR, J. The state appeals from the judgment of the trial court imposing a ninety day suspended sentence following the defendant's conviction for violating General Statutes § 14-215 (c).[1] The state claims that the trial court improperly failed to impose the mandatory minimum thirty day jail sentence. The defendant claims that the trial court properly imposed the suspended sentence pursuant to § 14-215 (b) because the state failed to present a two part information in accordance with Practice Book § 619,[2] *State* v. *Torma*, 21 Conn.

[1] General Statutes 14-215 provides: "(a) No person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. No person shall operate or cause to be operated any motor vehicle, the registration of which has been refused, suspended or revoked, or any motor vehicle, the right to operate which has been suspended or revoked.

"(b) Except as provided in subsection (c) of this section, any person who violates any provision of subsection (a) of this section shall be fined not less than one hundred fifty dollars nor more than two hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned for the first offense, and for any subsequent offense shall be fined not less than two hundred dollars nor more than six hundred dollars or imprisoned not more that one year or be both fined and imprisoned.

"(c) Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d or pursuant to section 14-227b, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner."

[2] Practice Book § 619 provides: "Where the information alleges, in addition to the principal offense charged, a former conviction or convictions, such information shall be in two separate parts, each signed by the prosecuting authority. In the first part, the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or

App. 496, 574 A.2d 828 (1990), and *State* v. *Jones*, 234 Conn. 324, 662 A.2d 1199 (1995). We reverse the judgment of the trial court.

On August 2, 1992, the defendant was arrested for operating a motor vehicle while his license was under suspension. Thereafter, the defendant was charged in a one count information with violating § 14-215 (c). During the course of trial, the state elicited evidence to prove that the defendant's license was under suspension at the time of his arrest as a result of a prior conviction pursuant to General Statutes § 14-227a. The defendant did not object to this evidence. The jury found the defendant guilty of violating § 14-215 (c). After the jury rendered its verdict, the defendant filed a motion in arrest of judgment, arguing that he was prejudiced by the state's failure to charge him in a two part information. The defendant thereafter filed another motion in arrest of judgment, arguing that because the trial judge was absent during jury selection, he was entitled to a new trial. The trial court granted his second motion and the state appealed to this court. This court reversed the judgment of the trial court and remanded the case for sentencing in *State* v. *Graham*, 36 Conn. App. 573, 651 A.2d 1339 (1995).

On July 31, 1995, at the sentencing hearing, the state indicated it was seeking the mandatory minimum thirty day sentence pursuant to § 14-215 (c). The defendant argued that because the state did not file a two part information, he suffered prejudice and, therefore, should be sentenced in accordance with § 14-215 (b). In addition, the defendant argued that certain equitable factors mandated a suspended sentence. The trial court

convictions shall be alleged. In alleging the former conviction, it is sufficient that the information allege the date when, the town or city where, and the court wherein such conviction was obtained and the crime of which the defendant was convicted, all of which may be stated in accordance with the provisions of Sec. 618."

found that a two part information was not required, but noted that since the date of the defendant's arrest in 1992, the defendant had stopped drinking, started supporting his wife and child, and had his license reinstated. In light of these factors, the trial court imposed a sentence of ninety days, execution suspended, with one year probation. In response to the state's objection, the trial court stated: "I don't want to give him the minimum mandatory sentence because I think that would constitute a gross injustice, just a flagrant injustice of what has transpired in this man's life in the last year and a half." The state was granted permission to file this appeal.

I

The defendant claims that the suspended sentence should be affirmed because the state failed to charge him by way of a two part information and, therefore, he was properly sentenced under the provisions of § 14-215 (b). The claim that a two part information was required could have been raised as an alternate ground of affirmance in *State* v. *Graham*, supra, 36 Conn. App. 573, but the defendant failed to do so. He may not raise the issue now in derogation of this court's remand directing the trial court "to render judgment of guilty in accordance with the jury verdict." Id., 576.[3]

---

[3] Even if the claim here could be considered as an alternative ground of affirmance, it is without merit. Practice Book § 619 applies where a former conviction is alleged in addition to the principal offense charged. Here, the suspension based on the prior conviction is an element of the charged offense. In *State* v. *Torma*, supra, 21 Conn. App. 496, we held that the defendant must be sentenced pursuant to § 14-215 (b) where a violation of § 14-215 (c) was not specifically alleged. In this case, the state did specifically allege a violation of § 14-215 (c). In *State* v. *Jones*, supra, 234 Conn. 324, our Supreme Court held that the trial court should have granted a motion in limine to bifurcate evidence of the essential element of a prior murder conviction in a capital felony case. Here, the defendant did not file a motion in limine to bifurcate evidence of his prior conviction and resulting suspension. In addition, *Jones* was a capital felony case requiring heightened scrutiny and the Supreme Court carefully pointed out that such bifurcation was not required in all cases.

"In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion*. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court . . . . No judgment other than that directed or permitted by the reviewing court may be rendered . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 312, 341 A.2d 858 (1988); see also *Patron* v. *Konover*, 43 Conn. App. 645, 651, 685 A.2d 1133 (1996).

By asking the trial court to sentence him under the provisions of § 14-215 (b), the defendant was in effect asking the court to circumvent our remand. Because the jury found the defendant guilty of violating § 14-215 (c) and we remanded the case with direction to enter judgment accordingly, the trial court was without power to sentence him under § 14-215 (b).

## II

The state claims that the trial court improperly failed to impose the mandatory minimum sentence of thirty days pursuant to § 14-215 (c). We agree.

Section 14-215 (c) provides: "Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d or pursuant to section 14-227b, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, *thirty consecutive days of which may not be suspended or reduced in any manner*." (Emphasis added.)

It is well established that "the legislature may impose mandatory minimum terms of imprisonment for certain crimes, and may preclude the probation or suspension of a sentence." *State* v. *Darden*, 171 Conn. 677, 680, 372 A.2d 99 (1976); see also *State* v. *Lopez*, 197 Conn. 337, 353, 497 A.2d 390 (1985). "A trial court's power to impose a particular sentence is defined by statute, and the constitution does not require that the judiciary be given discretion in sentencing." *State* v. *Lopez*, supra, 353.

Section 14-215 (c) clearly states that where a defendant operates a motor vehicle while his license was under suspension for a prior conviction pursuant to § 14-227a, the trial court cannot impose a sentence of less than thirty days. Because the defendant was convicted of violating § 14-215 (c), the trial court was without discretion to suspend the sentence.

The judgment is reversed and the case is remanded with direction to sentence the defendant pursuant to the provisions of General Statutes § 14-215 (c).

In this opinion the other judges concurred.