STATE OF CONNECTICUT *v.* SCOTT GRAHAM
(AC 18300)

Landau, Mihalakos and Spallone, Js.

Argued November 1, 1999—officially released February 1, 2000

*Abram Heisler*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Eugene Callahan*, state's attorney, and *Robert Katz*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Scott Graham, claims that the trial court improperly sentenced him to a mandatory thirty days incarceration without considering mitigating circumstances following his conviction for operating a motor vehicle while his license was under suspension in violation of General Statutes (Rev. to 1991) § 14-215 (c). The defendant claims that the sentencing court improperly failed to consider mitigating factors when the statute in effect at the time of his conviction did not permit consideration of mitigating factors, but the statute in effect at the time of sentencing did permit such consideration. We affirm the judgment of the sentencing court.

The following procedural history is relevant to our disposition of this appeal. In August, 1992, the defen-

dant was charged with operating a motor vehicle while his operator's license was under suspension for driving under the influence of liquor in violation of § 14-215 (c). After a trial to a jury, on January 15, 1993, he was convicted as charged. In June, 1993, the court, *Mottolese, J.*, granted the defendant's motion in arrest of judgment due to the absence of a judge during jury selection. The state appealed and the judgment was reversed in *State* v. *Graham*, 36 Conn. App. 573, 651 A.2d 1339 (1995). On remand for sentencing, the court, *Mottolese, J.*, in July, 1995, imposed a ninety day suspended sentence. Again, the state appealed, and this court reversed the judgment because the sentencing court had failed to impose the mandatory minimum sentence, "thirty consecutive days of which may not be suspended or reduced in any manner." General Statutes (Rev. to 1991) § 14-215 (c); *State* v. *Graham*, 45 Conn. App. 12, 692 A.2d 1306, cert. denied, 241 Conn. 923, 697 A.2d 360 (1997). On remand for sentencing in accordance with § 14-215 (c), the court, *Rodriguez, J.*, imposed the mandatory minimum thirty day sentence. This appeal followed.

The defendant claims that the court improperly sentenced him without considering mitigating factors when the statute in effect at the time of his sentencing permitted the court to do so. We disagree.

When the defendant committed the offense in 1992, when he was convicted in 1993 and when he was sentenced in 1995 after the state's first appeal, the version of § 14-215 (c) under which he was charged, tried, convicted and initially sentenced provided in relevant part that a person who operated a motor vehicle while his license was suspended due to operating under the influence could receive a sentence of imprisonment of up to one year, "thirty consecutive days of which may not be suspended or reduced in any manner."

When the defendant was resentenced on remand in March, 1998, § 14-215 (c) had been repealed by the legislature and a new provision enacted, which provided that "[a]ny person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d or pursuant to section 14-227b, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, and, *in the absence of any mitigating circumstances as determined by the court*, thirty consecutive days of the sentence imposed may not be suspended or reduced in any manner. The court shall specifically state in writing for the record the mitigating circumstances, or the absence thereof." (Emphasis added.) Public Acts 1997, No. 97-291, § 4.[1]

"In criminal cases, to determine whether a change in the law applies to a defendant, we generally have applied the law in existence on the date of the offense, regardless of its procedural or substantive nature." *In re Daniel H.*, 237 Conn. 364, 377, 678 A.2d 462 (1996). Indeed, 140 years ago in *State* v. *Daley*, 29 Conn. 272, 277 (1860), our Supreme Court held that a defendant could not be prosecuted if the criminal statute had been amended after the crime and the legislature failed to enact any "savings clause" governing prior offenses. The legislature's response has been the enactment of savings statutes as reflected in General Statutes § 54-194, which provides that "[t]he repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect"; and in General Statutes

---

[1] Public Acts 1997, No. 97-291, § 4, took effect in July, 1997.

§ 1-1 (t), which provides that "[t]he repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."

It is obvious from the clear, unambiguous, plain language of the savings statutes that the legislature intended that the defendant be prosecuted and sentenced in accordance with and pursuant to the statutes in effect at the time of the commission of the crime. Our courts have repeatedly held that these savings statutes preserve all prior offenses and liability therefor so that when a crime is committed and the statute violated is later amended or repealed, defendants remain liable under the revision of the statute existing at the time of the commission of the crime. *State* v. *Carbone*, 172 Conn. 242, 255–56, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977); *State* v. *DeMartin*, 171 Conn. 524, 528–29, 370 A.2d 1038 (1976); *Dortch* v. *State*, 142 Conn. 18, 29, 110 A.2d 471 (1954). It appears that savings statutes were enacted to prevent defendants from escaping punishment by allowing the state to pursue them under prior versions of a statute, regardless of whether the newer revision imposed a greater or lesser penalty. *Simborski* v. *Wheeler*, 121 Conn. 195, 198–200, 183 A. 688 (1936).

The defendant's request that this court adopt an "amelioration doctrine," whereby amendments to statutes that lessen their penalties are applied retroactively is, in essence, asking this court to intervene in the legislative process to nullify by judicial fiat the legislature's savings statutes. This we will not do. Since the legislature has enacted the general rule that defendants must be prosecuted and punished under the statute in effect at the time of the offense, and because it failed to override that rule with any specific amendment, the

court properly sentenced the defendant under the version of § 14-215 (c) that was in effect at the time of his offense.

The judgment is affirmed.

In this opinion the other judges concurred.