[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION I. FACTUAL AND PROCEDURAL BACKGROUND
On June 1, 1999, the defendant was arrested pursuant to a warrant charging him with one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a)(1),[1] and one count of risk of injury to a minor in violation of General Statutes § 53-21
(a)(2).[2] The state specifically alleges that the defendant engaged in numerous acts of sexual intercourse with the alleged victim, his fifteen year old girlfriend, during the months of October and November of 1998. He was seventeen years of age at that time. The defendant seeks a determination from the court whether he is eligible to be adjudged a youthful offender given the recent amendment to General Statutes §54-76b which he argues should be given retroactive effect. The defendant also argues that he should not be subjected to the nine month minimum sentence mandated by General Statutes § 53a-71 (b) in the event that he is adjudged a youthful offender. On November 30, 2001, the defendant filed correspondence in support of his youthful offender application and the state filed its memorandum of law in opposition to the application. Argument was heard on the same date and this court deferred its ruling at that time. The defendant subsequently filed his supplemental submission on December 4, 2001 and his second supplemental submission on December 13, 2001.[3]
 II. DISCUSSION
At the time of the alleged offense, General Statutes § 54-76b
defined "youthful offender" as "a youth who is charged with the commission of a crime which is not a class A felony or a violation of CT Page 16953 subdivision (2) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71,53a-72a or 53a-72b. . ." Public Acts 2001, No. 01-211 § 18 [P.A. 01-211] amended the youthful offender statute to exclude from its eligibility prohibition "a violation involving consensual sexual intercourse or sexual contact between the youth and another person who is thirteen years of age or older but under sixteen years of age." The effective date was October 1, 2001.
The defendant argues that P.A. 01-211 is procedural and, therefore, should be given retroactive effect. He cites State v. Almeda,211 Conn. 441, 560 A.2d 389 (1989), as his authority. However, Almeda
stood for the proposition that "the rules of evidence are procedural." Id. 454. This is inapposite to the retroactive application of an amendment to a criminal statute.
"[W]hile [our Supreme Court has affirmed] the continued vitality and utility of the principle that procedural statutes will be applied retrospectively absent a contrary legislative intent in the civil field, [the Court recognizes] that the principle's application in the criminal realm is limited." State v. Crowell, 228 Conn. 393, 400, 636 A.2d 804
(1994) (citing State v. Paradise, 189 Conn. 346, 351, 456 A.2d 305
(1983)). "[F]or certain types of criminal statutes, such as a statute of limitations for the prosecution of a crime, the language of the statute must clearly necessitat[e] . . . a retrospective application in order for one to be given." (Citation omitted; internal quotation marks omitted.)State v. Parra, 251 Conn. 617, 625, 741 A.2d 902 (1999); see State v.Paradise, supra, 353. "[S]tatutes affecting other areas of the criminal process . . . may be given retrospective effect if the legislative history evinces a clear and unequivocal intent for such a retrospective application." (Citation omitted; internal quotation marks omitted.) Statev. Parra, supra, 626. "[Our Supreme Court] will not give retrospective effect to a criminal statute absent a clear legislative expression of such intent." State v. Quinet, 253 Conn. 392, 414, 752 A.2d 490 (2000) (concluding that "[t]here is nothing in the language or legislative history of P.A. 95-142, § 2 [which increased the potential term of probation for certain crimes], to suggest that the legislature intended for the amendment to be applied retroactively.")
The defendant cites the remarks of the sponsor of the amendment, Representative John Wayne Fox, as evidence of the legislative intent thatP.A. 01-211 be applied retroactively. Specifically, Representative Fox stated on the floor of the House of Representatives:
 There have been a number of incidents brought to our attention where we have — in one case, for example, an individual, 17, second year in college, had CT Page 16954 consensual sex with a 15-year old girlfriend, but was not allowed to apply for youthful offender. This would allow that individual to apply. I would urge adoption.
44 H.R. Proc., Pt. 20, 2001 Sess., p. 6705. Counsel for the defendant represents that he "wrote to Representative Fox in September 2000 and explained the unjust result caused when teenagers engage in consensual sex and one of them is under 15 [sic], and they are separated in age by more than two years." (Defendant's Supplemental Submission Re: Retroactive Application of Statutory Amendment to Conn. Gen. Stat. §53a-72b [sic], p. 3.) The defendant argues that "Representative Fox was aware of the situation presented by [the] [d]efendant's case, and similar cases, and sought to amend the statute at issue to remedy it. There can be no question from the plain language of the legislative debate what the intent of the amendment was. It was to `allow that individual to apply.'" Id. 4.
Public Act 01-211 is silent on its face as to whether it was intended to be applied retroactively. The defendant invites this court to interpret Representative Fox's comment that this act "would allow that individual to apply" to mean that his intent was to have the act applied retroactively. The court declines to make this inference. If the defendant's interpretation is that Representative Fox's statement is a specific authorization for that one individual to be able to apply retroactively, whether it be the defendant or anyone else, the court does not agree that this is a reasonable interpretation. Even if the court were to accept the defendant's argument, this isolated statement which went unchallenged by any other representative is insufficient to establish "that the legislature clearly and unequivocally intended for the statute to apply retroactively." State v. Parra, supra, 251 Conn. 627. See id. 630 ("[O]n the floor of the House of Representatives, two representatives clearly and unequivocally stated that they understood that the proposed amendment to § 54-1j would apply retroactively. Furthermore, the value of these statements in determining the intent of the legislature is heightened by the fact that this understanding that the law would apply retroactively came both from a representative who expressed concerns over the bill and one of the bill's sponsors.") A reasonable interpretation of Representative Fox's comments is that he was referring to those individuals similarly situated to the defendant and the others whose cases he was aware of, and not specifically the defendant or the others themselves. In the absence of clear and unequivocal evidence that the legislature intended P.A. 01-211 to apply retroactively, this court cannot so infer.
The defendant also argues that application for youthful offender status CT Page 16955 was made on November 30, 2001, and therefore P.A. 01-211, which became effective on October 1, 2001, applies to the defendant. However, "[i]n criminal cases, to determine whether a change in the law applies to a defendant, [the Supreme Court] generally [has] applied the law in existence on the date of the offense, regardless of its procedural or substantive nature." In Re Daniel H., 237 Conn. 364, 377, 678 A.2d 462
(1996); State v. Graham, 56 Conn. App. 507, 510, 743 A.2d 1158 (2000); see General Statutes § 1-1 (t) ("The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."); General Statutes § 54-194 ("The repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect.") "Our courts have repeatedly held that these savings statutes preserve all prior offenses and liability therefor so that when a crime is committed and the statute violated is later amended or repealed, defendants remain liable under the revision of the statute existing at the time of the commission of the crime. . . . It appears that savings statutes were enacted to prevent defendants from escaping punishment by allowing the state to pursue them under prior versions of a statute, regardless of whether the newer revision imposed a greater or lesser penalty." (Citations omitted.) State v. Graham, supra, 511. Therefore, this court must apply the law in existence at the time of the offense. The application of P.A. 01-211 to the defendant's case which involves alleged acts committed in October and November of 1998 would be an improper retroactive application of the law.
In light of the court's ruling, the defendant's argument that he should not be subjected to the nine month minimum sentence mandated by General Statutes § 53a-71 (b) if he is adjudged to be a youthful offender is moot.
 III. CONCLUSION
Based upon the foregoing analysis, the defendant's application for youthful offender status is denied.
BY THE COURT,
Owens, J.