STATE OF CONNECTICUT *v.* ANTOANE D. BOYSAW
(AC 26632)

Schaller, Bishop and Lavine, Js.

---

[6] See footnote 6.

Argued September 12, 2006—officially released January 30, 2007

*Jeffrey C. Kestenband,* with whom was *Scott J. Abkowicz,* assistant public defender, for the appellant (defendant).

*Elizabeth Moseley*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Keith Duboff*, assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant, Antoane D. Boysaw, appeals from the judgment of the trial court denying his motion to correct the sex offender registration requirement of his criminal conviction. On appeal, the defendant claims that the court improperly denied his motion to correct the requirement that he register as a sex offender because his registration is not required under the current law. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On February 28, 1997, the defendant pleaded guilty to one count of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21 (2), as amended by Public Acts 1995, No. 95-142, § 1,[1] for having engaged in a sexual relationship with his fifteen year old girlfriend.[2] The defendant was eighteen years old at the time. He was sentenced to one year incarceration, execution suspended, and three years of probation. Subsequently, the defendant was informed that he was required to register as a sex offender.[3] The defendant filed an application for

[1] General Statutes (Rev. to 1995) § 53-21, as amended by Public Acts 1995, No. 95-142, § 1, provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child, shall be guilty of a class C felony."

[2] The defendant was initially charged with sexual assault in the second degree in violation of General Statutes § 53a-71, but the charge was later changed to risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21 (2), as amended by Public Acts 1995, No. 95-142, § 1.

[3] The record does not reveal the date on which the defendant was asked to register.

exemption from sex offender registration requirements[4] pursuant to General Statutes § 54-251.[5] Thereafter, the defendant filed a motion to correct, which was denied by the court. In articulating its decision, the court stated that its decision to deny the defendant's motion to correct was based on the registration statute in effect at the time of the defendant's conviction, General Statutes (Rev. to 1997) § 54-102r,[6] as well as the current sex offender registration law as stated in Public Acts 1998, No. 98-111, § (3) (b) (P.A. 98-111).[7] This appeal followed. Additional facts will be set forth as necessary.

The defendant claims that the court improperly relied on General Statutes § 54-252 (b)[8] in denying his motion to correct because under the current registration statute, General Statutes § 54-250 et seq., he is not required

---

[4] The record does not indicate the court's ruling on this application nor is this ruling challenged on appeal.

[5] General Statutes § 54-251 (b) provides in relevant part that "the court may exempt any person who has been convicted or found not guilty by reason of mental disease or defect of a violation of subdivision (1) of subsection (a) of section 53a-71 from the registration requirements of this section if the court finds that such person was under nineteen years of age at the time of the offense and that registration is not required for public safety."

[6] General Statutes (Rev. to 1997) § 54-102r, entitled "Registration of persons convicted of sexual assault upon release from correctional facility or completion or termination of probation," provides in relevant part: "(a) (1) 'Sexual assault' means (A) a violation of subdivision (2) of section 53-21 . . . . (b) Whenever a person who has been convicted of sexual assault . . . on or after January 1, 1995, is to be released from the supervision of the Office of Adult Probation upon completion or termination of a sentence of probation . . . said office . . . shall, not later than five days prior to such release . . . register such person with the chief of police of the police department or resident state trooper for the municipality in which such person will reside."

[7] Section (3) (b) of P.A. 98-111 is codified in General Statutes § 54-252 (b).

[8] General Statutes § 54-252 (b) provides: "Any person who has been subject to the registration requirements of section 54-102r of the general statutes, revised to January 1, 1997, as amended by section 1 of public act 97-183, shall, not later than three working days after October 1, 1998, register under this section and thereafter comply with the provisions of sections 54-102g and 54-250 to 54-258a, inclusive."

to register. Specifically, the defendant contends that § 54-251 (a),[9] which applies to persons convicted of committing a criminal offense against a victim who is a minor, is the applicable registration statute because the offense of which he was convicted, risk of injury to a child in violation of § 53-21 (2), is considered such an offense.[10] The defendant argues that under § 54-251 (a) only persons released into the community on or after October 1, 1998, are required to register and that, therefore, he is not required to register pursuant to the statute because he was released into the community in 1997 when he received a suspended sentence and probation. The state counters that the defendant is required to register pursuant to the statute in effect at the time of his conviction, § 54-102r. The state further asserts that the defendant's registration is authorized under § 54-252 (b) of the current sex offender registration statute because that statutory subsection specifically requires registration of those persons previously subject to the registration requirements of § 54-102r. We agree with the state.

At the outset, we set forth the applicable standard of review. "Issues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Tarnowsky* v. *Socci*, 271 Conn. 284, 287, 856 A.2d 408 (2004). "A fundamental tenet of statutory construction is that statutes are to be considered to give effect to the apparent intention of the lawmaking body. . . . The meaning of a statute shall, in the first instance, be ascertained from

---

[9] General Statutes § 54-251 (a) provides in relevant part: "Any person who has been convicted . . . of a criminal offense against a victim who is a minor . . . and is released into the community on or after October 1, 1998, shall . . . register . . . ."

[10] A "criminal offense against a victim who is a minor" is in part defined within General Statutes § 54-250 (2) as "a violation of subdivision (2) of section 53-21 of the general statutes in effect prior to October 1, 2000 [and] subdivision (2) of subsection (a) of section 53-21 . . . ."

the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. [General Statutes § 1-2z.]." (Citation omitted; internal quotation marks omitted.) *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 129, 848 A.2d 451 (2004).

A brief review of the pertinent statutory provisions is necessary to our resolution of the defendant's claim. Section 54-102r required those convicted of sexual assault offenses, including risk of injury to a child in violation of § 53-21 (2), to register not later than five days prior to the termination of a probationary sentence. On October 1, 1998, however, the legislature repealed § 54-102r, and the current statutory scheme, § 54-250 et seq., became effective. See P.A. 98-111, § 12. The current law, § 54-250 et seq. of chapter 969 of the General Statutes, is commonly referred to as Megan's Law. See *State* v. *Waterman*, 264 Conn. 484, 490, 825 A.2d 63 (2003). The intent behind this legislation "was to alert the public by identifying potential sexual offender recidivists when necessary for public safety. . . . Prior to the enactment of Megan's Law, the law imposed a registration requirement only on specified sex offenders who were convicted on or after January 1, 1995. See General Statutes (Rev. to 1995) § 54-102r. The law was broadened in 1997 to include *all* convicted sex offenders." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Waterman*, supra, 490.

We begin by noting that at the time of the defendant's conviction in 1997, the defendant was subject to § 54-102r. Consequently, pursuant to that statutory provision, the defendant would have been required to register as a sex offender five days prior to the termination of

his probation sentence. See General Statutes § 54-102r (b). The defendant, in arguing that § 54-251 (a) is the applicable registration statute, essentially seeks a retroactive application of the current law. The defendant's argument is unavailing, however, because our Supreme Court has stated that a criminal statute will not be applied retroactively absent a clear expression of legislative intent. See *State* v. *Quinet*, 253 Conn. 392, 414, 752 A.2d 490 (2000). There is nothing in the language of § 54-250 et seq. or the legislative history of P.A. 98-111 clearly indicating that the legislature intended the current statutory scheme to be applied retroactively. To the contrary, the legislative intent appears to be prospective because § 54-251 (a) imposes a registration requirement on or after October 1, 1998, the effective date of the current law. Furthermore, we note that "[i]n criminal cases, to determine whether a change in the law applies to a defendant, we generally have applied the law in existence on the date of the offense, regardless of its procedural or substantive nature." (Internal quotation marks omitted.) *State* v. *Graham*, 56 Conn. App. 507, 510, 743 A.2d 1158 (2000). Applying this principle to the present case, the relevant date is that of the defendant's conviction, as § 54-102r imposes the requirement of registration upon a conviction of risk of injury to a child under subdivision (2) of § 53-21.

In challenging the registration requirement, the defendant argues that the legislature would not have intended that young adults who are found to have committed sexual offenses as a result of having engaged in consensual sexual relationships be required to register as sex offenders. Essentially, the defendant asserts that the legislature intended that a distinction be drawn between such individuals and sexually violent offenders. The defendant contends that the legislature has manifested this intent by providing in § 54-251 (b) that

the court has discretion to exempt from registration individuals who have committed sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) upon finding that the offender was younger than nineteen years of age at the time of the offense and that registration is not required for public safety. Further, at oral argument, the defendant averred that this legislative intent is also demonstrated through the delineation in §§ 54-251 and 54-252 of separate registration requirements for nonviolent offenses or offenses committed against victims who are minors and for sexually violent offenses, as well as by requiring mandatory registration of individuals previously subject to § 54-102r under § 54-252, the statutory provision concerning sexually violent offenses.

In considering the defendant's argument, we turn to the statutory text. Section 54-252 (b) provides: "Any person who has been subject to the registration requirements of section 54-102r of the general statutes, revised to January 1, 1997, as amended by section 1 of public act 97-183, shall, not later than three working days after October 1, 1998, register under this section and thereafter comply with the provisions of sections 54-102g and 54-250 to 54-258a, inclusive." As the first step in our statutory analysis, we examine the relevant language of § 54-252 (b) "to determine whether it is plain and unambiguous. To determine whether statutory language is plain and unambiguous, we examine the text itself and its relationship to other statutes. The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Chesler* v. *Derby*, 96 Conn. App. 207, 212, 899 A.2d 624, cert. denied, 280 Conn. 909, 907 A.2d 88 (2006). We conclude that § 54-252 (b) plainly and unambiguously

refs to the former registration statute and imposes a renewed registration requirement. The effect of the current law, therefore, is to maintain the registration of prior offenders despite the repeal of the former statutory provision. Moreover, the statutory subsection clearly applies to the defendant as someone who, as we noted previously, has been subject to the requirements of § 54-102r.

Our rejection of the defendant's contention that § 54-251 (a) eliminates the requirement that he register is further reinforced by the basic tenet of statutory construction that the legislature does not intend to enact meaningless provisions. "[N]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . [so that] no word [or phrase] in a statute is to be treated as superfluous." (Internal quotation marks omitted.) *State* v. *Peeler*, 271 Conn. 338, 434–35, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005). To determine that § 54-251 (a) is the applicable registration statute pursuant to which the defendant is not required to register would render § 54-252 (b) superfluous insofar as it imposes a registration requirement on those previously subject to § 54-102r.

We conclude that the defendant is required to register as a sex offender pursuant to §§ 54-102r and 54-252 (b). Accordingly, the court's denial of the defendant's motion to correct was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.