******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* HERBERT L. JACKSON
(AC 35749)

Beach, Keller and Flynn, Js.

*Argued September 10—officially released November 11, 2014*

(Appeal from Superior Court, judicial district of New Haven, Licari, J. [judgment]; Clifford, J. [motion to correct].)

*Katharine S. Goodbody*, assigned counsel, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney,

with whom, on the brief, were *Michael Dearington*, state's attorney, and *Roger S. Dobris*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Herbert L. Jackson, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims on appeal that the court erred in declining to apply an amendment to the applicable sentencing statute retroactively. We disagree, and accordingly, affirm the judgment of the trial court.

The following factual and procedural history is relevant to our analysis. The defendant was found guilty on March 22, 2001, following a jury trial, of three crimes: conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-101; conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48 (a) and 53a-135; and aggravated sexual assault in the first degree in violation of General Statutes § 53a-70a (4). The conviction of all three charges arose out of an incident that occurred on January 8, 1996. On June 8, 2001, the defendant was sentenced to a total effective term of thirty-five years imprisonment: fifteen years for the two conspiracy counts, which were merged by the court, and twenty years, to be served consecutively, for the conviction of aggravated sexual assault in the first degree. *State* v. *Jackson*, 75 Conn. App. 578, 583, 816 A.2d 742 (2003), cert. denied, 291 Conn. 907, 969 A.2d 172 (2009). We affirmed the judgment of conviction. Id., 580.

At the time the crimes were committed, General Statutes (Rev. to 1995) § 53a-70a (b) provided: "Aggravated sexual assault in the first degree is a class B felony and any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court." Aggravated sexual assault in the first degree, as a class B felony, was punishable by imprisonment for not less than five years nor more than twenty years. General Statutes (Rev. to 1995) § 53a-35a (5). On October 1, 1999, after the commission of the crimes and prior to the trial and sentencing, No. 99-2, § 50, of the 1999 Public Acts (P.A. 99-2) went into effect. Public Acts, Spec. Sess., June, 1999, No. 99-2, § 72. Public Act 99-2, § 50, amended § 53a-70a (b) such that, following conviction of aggravated sexual assault in the first degree, a period of special parole was required to be imposed as part of the sentence, such that the total of the imprisonment and the special parole was to constitute twenty years.[1] Spec. Sess. P.A. 99-2, § 50.

The defendant was sentenced under the law as it existed at the time of the commission of the crimes, January 8, 1996. His sentence of twenty years on the charge of aggravated sexual assault in the first degree, then, included no period of special parole. On November 9, 2012, the then self-represented defendant filed a motion to correct an illegal sentence. Subsequently, the

court appointed an attorney, who brought a motion to correct an illegal sentence on April 3, 2013. The court found that it had jurisdiction to hear and to decide the motion to correct, but denied the motion after a hearing on the merits on April 4, 2013.[2] This appeal followed.

The defendant claims that he should have been sentenced under § 53a-70a (b), as amended by P.A. 99-2, because the legislature intended retroactive application.[3] We disagree.

Whether a statute is to be applied retroactively is a question of statutory construction. See *State* v. *Quinet*, 253 Conn. 392, 413, 752 A.2d 490 (2000). "Issues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *State* v. *Boysaw*, 99 Conn. App. 358, 362, 913 A.2d 1112 (2007). "We will not give retrospective effect to a criminal statute absent a clear legislative expression of such intent." *State* v. *Quinet*, supra, 414. "When the meaning of a statute initially may be determined from the text of the statute and its relationship to other statutes . . . extratextual evidence of the meaning of the statute shall not be considered. . . . When the meaning of a provision cannot be gleaned from examining the text of the statute and other related statutes without yielding an absurd or unworkable result, extratextual evidence may be consulted. . . . Thus . . . every case of statutory interpretation . . . requires a threshold determination as to whether the provision under consideration is plain and unambiguous. This threshold determination then governs whether extratextual sources can be used as an interpretive tool." (Citations omitted.) *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 129–30 n.16, 848 A.2d 451 (2004). "[T]he fact that . . . relevant statutory provisions are silent . . . does not mean that they are ambiguous. . . . [O]ur case law is clear that ambiguity exists only if the statutory language at issue is susceptible to more than one plausible interpretation." (Citations omitted; internal quotation marks omitted.) *State* v. *Orr*, 291 Conn. 642, 653–54, 969 A.2d 750 (2009).

The savings statutes that govern amendments[4] to criminal laws contemplate only prospective application. "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed." General Statutes § 1-1 (t). "The repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect." General Statutes § 54-194. "It is obvious from

the clear, unambiguous, plain language of the savings statutes that the legislature intended that [defendants] be prosecuted and sentenced in accordance with and pursuant to the statutes in effect at the time of the commission of the crime. Our courts have repeatedly held that these savings statutes preserve all prior offenses and liability therefor so that when a crime is committed and the statute violated is later amended or repealed, defendants remain liable under the revision of the statute existing at the time of the commission of the crime." *State* v. *Graham*, 56 Conn. App. 507, 511, 743 A.2d 1158 (2000).

In this case, the language of P.A. 99-2, § 72, plainly states that § 50, which amended § 53a-70a, took effect on October 1, 1999. Spec. Sess. P.A. 99-2, § 72. There is no language to suggest that the statute was to have been applied retroactively. Spec. Sess. P.A. 99-2, § 72. Because the public act is clear and unambiguous, there is no need to search further for the legislature's intent. The defendant was correctly sentenced under the statute in effect at the time of the crime, and no period of special parole was required. Accordingly, the trial court properly denied the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The amendment added a clause to the end of § 53a-70a (b): "Aggravated sexual assault in the first degree is a class B felony and any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court *and a period of special parole pursuant to subsection (b) of section 53a-28 which together constitute a sentence of twenty years.*" (Emphasis added.) Spec. Sess. P.A. 99-2, § 50.

[2] The state agrees, as do we, that the court had jurisdiction. The defendant claims that the sentencing court should have applied § 53a-70a (b), as amended by P.A. 99-2. This claim presents a question as to which sentencing statute was applicable and is reviewable by means of a motion to correct. *State* v. *Lawrence*, 281 Conn. 147, 157, 913 A.2d 428 (2007).

[3] The defendant also argues that the trial court should have applied the amelioration doctrine, which, he claims, would result in the retroactive application of § 53a-70a (b), as amended by P.A. 99-2. As we said in *State* v. *Graham*, 56 Conn. App. 507, 511–12, 743 A.2d 1158 (2000): "The defendant's request that this court adopt an 'amelioration doctrine,' whereby amendments to statutes that lessen their penalties are applied retroactively is, in essence, asking this court to intervene in the legislative process to nullify by judicial fiat the legislature's savings statutes. This we will not do. Since the legislature has enacted the general rule that defendants must be prosecuted and punished under the statute in effect at the time of the offense, and because it failed to override that rule with any specific amendment, the court properly sentenced the defendant under the version . . . that was in effect at the time of his offense." We are bound by *Graham* and decline to speculate as to its theoretical application here.

[4] Literally, the typical language of amendments repeals the preexisting statutes. The amendment in question, P.A. 99-2, § 50, provides that § 53a-70a (b) was "repealed and the following . . . substituted in lieu thereof . . . ." See General Statutes § 2-18 (requiring that section of statute be set forth fully, any matter to be omitted placed in brackets, and any new matter to be underscored).