******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* BRENDAN L. HENRY
(AC 45097)

Alvord, Prescott and Elgo, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of two counts
of criminal possession of a firearm, ammunition, or an electronic defense
weapon, appealed to this court from the judgment of the trial court
denying his motion to correct an illegal sentence. The underlying crimes
were committed on April 22, 2018, and the defendant was sentenced
on December 20, 2018, to a term of incarceration followed by a period
of special parole. In 2018, the legislature enacted No. 18-63, § 2, of the
2018 Public Acts (P.A. 18-63), which amended subsection (b) of the
special parole statute ((Rev. to 2017) § 54-125e), to require a trial court,
when sentencing a person, to determine, based on various factors,
whether a period of special parole was necessary to ensure public safety.
Public Act 18-63 became effective on October 1, 2018. The defendant
alleged that, because P.A. 18-63 became effective prior to his sentencing,
(Rev. to 2017) § 54-125e (b) (1), as amended by § 2 of P.A. 18-63, applied
to his sentence of special parole and that the court should vacate the
special parole portion of his original sentence and replace it with a
period of probation. The trial court denied the defendant's motion to
correct, concluding that, despite the context and extenuating circum-
stances provided by the defense, the sentencing court had remained of
the opinion that special parole was warranted. The trial court indepen-
dently concluded that the imposition of special parole was warranted
on the basis of the defendant's 2018 convictions and his prior convic-
tions, which implicated public safety. On the defendant's appeal to this
court, *held* that the trial court properly denied the defendant's motion
to correct an illegal sentence: the defendant was convicted of crimes
occurring several months before P.A. 18-63 became effective, and,
because this court previously has determined that P.A. 18-63 did not
apply retroactively, the imposition of special parole at the defendant's
sentencing was governed by the statute in effect on the date he commit-
ted his crimes, (Rev. to 2017) § 54-125e, which did not require the sen-
tencing court to make any findings with respect to public safety.

Argued September 6, 2022—officially released January 10, 2023

*Procedural History*

Substitute information charging the defendant with
two counts of the crime of criminal possession of a
firearm, ammunition, or an electronic defense weapon,
and with one count each of the crimes of possession of
a controlled substance, illegal possession of an assault
weapon, possession of a weapon in a motor vehicle,
and use of drug paraphernalia, brought to the Superior
Court in the judicial district of New Britain, where the
defendant was presented to the court, *Alexander, J.*,
on a plea of guilty to both counts of the crime of criminal
possession of a firearm, ammunition, or an electronic
defense weapon; judgment of guilty in accordance with
the plea; thereafter, the state entered a nolle prosequi
as to the remaining charges; subsequently, the court,
*D'Addabbo, J.*, denied the defendant's motion to correct
an illegal sentence, and the defendant appealed to this
court. *Affirmed.*

*Gary A. Mastronardi*, for the appellant (defendant).

*Timothy F. Costello*, senior assistant state's attorney,

with whom, on the brief, were *Christian M. Watson*, state's attorney, *Brian W. Preleski*, former state's attorney, and *Katherine E. Donoghue*, former assistant state's attorney, for the appellee (state).

*Opinion*

ELGO, J. The defendant, Brendan L. Henry, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant argues that the court improperly denied his motion to correct because his sentence imposing a period of special parole violated General Statutes (Rev. to 2017) § 54-125e (b) (1),[1] as amended by No. 18-63 of the 2018 Public Acts (P.A. 18-63).[2] In response, the state argues that the court properly denied the defendant's motion to correct because that statutory provision does not apply retroactively to the defendant's crimes.[3] We agree with the state and, therefore, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On April 22, 2018, on the basis of information obtained from a confidential informant that the defendant, a convicted felon, had a firearm in the backseat of his vehicle, the police stopped the defendant and conducted a search of his vehicle. Upon searching the defendant's vehicle, the police found a small amount of cocaine, hypodermic needles, and a rifle. The defendant subsequently informed the police that he was storing additional firearms and ammunition in the garage of his home, which were recovered after the police executed a search warrant at the defendant's garage. Due to his two prior felony convictions for forgery, it is undisputed that the defendant was prohibited from possessing these firearms pursuant to General Statutes (Rev. to 2017) § 53a-217.[4] The state thereafter charged the defendant with two counts of criminal possession of a firearm, ammunition, or an electronic defense weapon in violation of General Statutes (Rev. to 2017) § 53a-217, one count of possession of a controlled substance in violation of General Statutes (Rev. to 2017) § 21a-279 (a) (1), one count of illegal possession of an assault weapon in violation of General Statutes § 53-202c, one count of possession of a weapon in a motor vehicle in violation of General Statutes (Rev. to 2017) § 29-38, and one count of use of drug paraphernalia in violation of General Statutes (Rev. to 2017) § 21a-267 (a).

On December 20, 2018, the defendant entered guilty pleas to both criminal weapon possession counts, and the state entered a nolle prosequi on the remaining charges. The defendant was sentenced to a total effective term of two and one-half years of incarceration followed by seven years of special parole.

On July 8, 2021, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22,[5] in which he asked the court to vacate the special parole portion of his original sentence and replace it with a period of probation. In his motion, the defendant acknowledged that a period of special parole is an

authorized sentencing option under General Statutes (Rev. to 2017) § 53a-28 (b) (9)[6] but argued that it must be implemented in accordance with § 54-125e (b) (1). The defendant claimed that, because § 54-125e (b) (1) went into effect on October 1, 2018, two months prior to his sentencing on December 20, 2018, the sentencing court was required to make a finding that (1) the nature and circumstances surrounding the defendant's offense, (2) his criminal history, and (3) his performance on probation or parole made special parole necessary to ensure public safety. Relying on that revised statutory language, the defendant argued that the sentencing court did not consider these factors in the context of public safety and, therefore, failed to make the finding necessary to impose special parole. The defendant argued further that "[t]he nature of his conviction [was] possession of a firearm where he was not legally permitted to possess one due to a prior felony conviction. Moreover, the circumstances of the offense were not aggravating or violent, and there was no identifiable victim to the offense. Further, the defendant's prior convictions are not a result of violent behavior." Thus, the defendant maintained that the nature and circumstance of this offense and his criminal history did not warrant a period of special parole.

On July 29, 2021, the court conducted a hearing on the defendant's motion to correct. During arguments on the motion, defense counsel relied on his written motion with a clarification, made after a conversation with the state's attorney, that the sentencing court had considered "the nature of [the defendant's] criminal conduct as well as [his] prior criminal record and lack of probation supervision being appropriate in this case" and concluded, based on those considerations, that "special parole best serves the interest of the justice system and the sentencing requirements." Nevertheless, defense counsel maintained that the sentencing court's finding was not sufficiently supported by the facts in the record. The state opposed the defendant's motion on the ground that the sentencing court made the requisite findings under § 54-125e (b) (1).

After considering the arguments, the court issued a memorandum of decision denying the defendant's motion to correct. First, the court found that the sentencing court had afforded the defendant an opportunity to provide it with context regarding the defendant's criminal history and that defense counsel had articulated the underlying circumstances of the subject crimes after the sentencing court had explained the details of the proposed sentence, including the period of special parole. Despite the context and extenuating circumstances provided by the defense, the court found that the sentencing court remained of the opinion that special parole was warranted. Second, the court "independently conclud[ed]" that the imposition of special parole was warranted. The court found that "the defen-

dant's 2018 convictions coupled with his prior convictions evidenced his disregard for law and order; thus, rendering him more dangerous than a typical law-abiding citizen. Moreover, the court is unpersuaded by the defendant's unduly narrow definition of 'public safety,' essentially equating it with protection of the public from acts of literal violence. Rather, in the context of a state's police power, 'public safety' has a much broader definition; namely, '[t]he welfare and protection of the general public, usu[ally] expressed as a government responsibility.' " For these reasons, the court denied the defendant's motion to correct. From that judgment, the defendant now appeals.

On appeal, the defendant claims that the court improperly denied his motion to correct an illegal sentence because the sentencing court imposed a period of special parole in an illegal manner when it failed to find on the record, in accordance with § 54-125e (b) (1), that a period of special parole was necessary to ensure public safety. The state argues in response that § 54-125e (b) (1) did not take effect until after the date the defendant committed the crimes for which he was convicted and does not apply retroactively; thus, the sentencing court was not required to make a public safety finding before imposing a period of special parole. We agree with the state.

We first set forth the applicable standard of review. "Ordinarily, claims that the trial court improperly denied a defendant's motion to correct an illegal sentence are reviewed pursuant to an abuse of discretion standard. . . . Nonetheless, a trial court's determination of whether a new statute is to be applied retroactively or only prospectively presents a question of law over which this court exercises plenary review." (Internal quotation marks omitted.) *State* v. *Gonzalez*, 214 Conn. App. 511, 517, 281 A.3d 501, cert. denied, 345 Conn. 967, A.3d (2022).

The defendant's claim is controlled by this court's decision in *State* v. *Omar*, 209 Conn. App. 283, 268 A.3d 726 (2021), cert. denied, 342 Conn. 906, 270 A.3d 691 (2022). In *Omar*, the defendant claimed that the trial court improperly denied his motion to correct an illegal sentence when it concluded that "certain amendments to Connecticut's special parole statute, embodied in . . . §§ 1 and 2 of [P.A. 18-63], which became effective on October 1, 2018, did not apply retroactively to render his 2016 modified sentence imposing special parole void." Id., 285. To resolve the defendant's claim, this court evaluated the plain language of P.A. 18-63 and the applicable saving statutes: General Statutes §§ 54-194[7] and 1-1 (t).[8] Id., 292. This court determined that "when the legislature enacted P.A. 18-63, which changed the law by prohibiting special parole as a sentence for certain narcotics offenses, it did so prospectively, not retroactively. We also conclude that the

silence in P.A. 18-63 regarding retroactivity is evidence of intent for prospective application only; see *State* v. *Bischoff*, 337 Conn. 739, 756, 258 A.3d 14 (2021); that prospective application creates neither an absurd nor an unworkable result; and that . . . §§ 54-194 and 1-1 (t) apply and, when read together, provide that the repeal of a statute prescribing the punishment for a crime shall not affect any liability for punishment incurred before the repeal is effective, unless a contrary legislative intent is expressed within an amendatory statute." *State* v. *Omar*, supra, 285–86; see also *State* v. *Smith*, 209 Conn. App. 296, 268 A.3d 127 (2021) (decided same day and on same grounds as *Omar*), cert. denied, 342 Conn. 905, 270 A.3d 691 (2022). This court thus ultimately concluded that "the plain language of P.A. 18-63, §§ 1 and 2, clearly and unambiguously prohibits retroactive application and that this interpretation does not lead to an absurd or unworkable result, especially when viewed in context of the related savings statutes, §§ 54-194 and 1-1 (t)." *State* v. *Omar*, supra, 296.

More recently, in *State* v. *Gonzalez*, supra, 214 Conn. App. 524, we specifically clarified that this court's holding in *Omar* and *Smith* that P.A. 18-63 does not apply retroactively also encompasses § 2 of that public act, which contains the statutory language at issue in the present case. See footnote 2 of this opinion. Therefore, § 54-125e (b) (1) does not apply retroactively.

Additionally, we note that, "[i]n criminal cases, to determine whether a change in the law applies to a defendant, we generally have applied the law in existence *on the date of the offense*, regardless of its procedural or substantive nature." (Emphasis added; internal quotation marks omitted.) *State* v. *Graham*, 56 Conn. App. 507, 510, 743 A.2d 1158 (2000). In the present case, the parties do not dispute on appeal that April 22, 2018, the date on which the defendant committed the crimes of which he was convicted, is the applicable date for this retroactivity analysis.[9]

The defendant ultimately was convicted of crimes occurring on April 22, 2018, several months before § 54-125e (b) (1) became effective. Because § 54-125e (b) (1) does not apply retroactively, the imposition of special parole at the defendant's sentencing was governed by General Statutes (Rev. to 2017) § 54-125e (b), which did not require the sentencing court to make any findings with respect to public safety.[10] In light of the foregoing, we conclude that the court properly denied the defendant's motion to correct.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that, although the current statutory language of General Statutes § 54-125e (b) (1) mirrors the version on which the defendant relies, the effective date of enactment is relevant for the purposes of this appeal for the reasons set forth throughout this opinion. As such, hereinafter, unless otherwise indicated, all references in this opinion to § 54-125e (b) (1) refer to the 2017 revision of the statute, as amended by No. 18-63 of the 2018

Public Acts (P.A. 18-63), which became effective October 1, 2018. Pursuant to General Statutes § 54-125e (b) (1), "[w]hen sentencing a person, the court may not impose a period of special parole unless the court determines, based on the nature and circumstances of the offense, the defendant's prior criminal record and the defendant's history of performance on probation or parole, that a period of special parole is necessary to ensure public safety."

[2] Public Act 18-63 provides in relevant part:

"Section 1. Subsection (b) of section 53a-28 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2018*):

"(b) Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (9) a term of imprisonment and a period of special parole as provided in section 54-125e, as amended by this act, except that the court may not impose a period of special parole for convictions of offenses under chapter 420b.

"Sec. 2. Subsection (b) of section 54-125e of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2018*):

"(b) (1) When sentencing a person, the court may not impose a period of special parole unless the court determines, based on the nature and circumstances of the offense, the defendant's prior criminal record and the defendant's history of performance on probation or parole, that a period of special parole is necessary to ensure public safety. . . ." (Emphasis in original.)

[3] The state raised several other substantive arguments in its appellate brief in response to the defendant's claim. Because we conclude that its argument on retroactivity is dispositive, we need not address those additional contentions. We, therefore, express no view of the propriety of the court's determination that the imposition of a period of special parole was "necessary to ensure public safety."

[4] General Statutes (Rev. to 2017) § 53a-217 provides in relevant part: "(a) A person is guilty of criminal possession of a firearm, ammunition or an electronic defense weapon when such person possesses a firearm, ammunition or an electronic defense weapon and (1) has been convicted of a felony committed prior to, on or after October 1, 2013 . . . ."

[5] Pursuant to Practice Book § 43-22, "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[6] General Statutes (Rev. to 2017) § 53a-28 (b) (9) provides in relevant part: "(b) Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (9) a term of imprisonment and a period of special parole as provided in section 54-125e." For the statutory language in effect beginning October 1, 2018, see footnote 2 of this opinion.

[7] General Statutes § 54-194 provides: "The repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect."

[8] General Statutes § 1-1 (t) provides: "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."

[9] The record indicates that, contrary to the defendant's position on appeal, defense counsel stated during oral argument on the motion to correct that his claim does not require retroactive application of § 54-125e (b) (1) because *the sentencing* on December 20, 2018, took place after the statute went into effect on October 1, 2018. At that time, the prosecutor did not dispute that the statute was applicable to the defendant and neither the parties nor the court further addressed the issue of retroactivity.

In the defendant's appellate reply brief, he claims that, during oral argument on the motion to correct, the state waived any claim that § 54-125e (b) (1) does not apply retroactively. In putting forth this argument, the defendant acknowledges that, but for this alleged waiver, "the statute, as amended as of October 1, 2018, clearly did not apply retroactively to the defendant's sentencing in this case because the date of the defendant's offenses, which is always the focal point of retroactivity analysis, was April 22, 2018, and that, on that date, [General Statutes (Rev. to 2017)] § 54-125e did not require a court to determine that a period of special parole was

necessary to ensure public safety before imposing a term of special parole." (Internal quotation marks omitted.) Therefore, the defendant concedes that the date of the offense, which was prior to the effective date of § 54-125e (b) (1), is controlling of the retroactivity issue on appeal.

Moreover, on appeal, the defendant cites no authority for the proposition that the applicability or retroactivity of a statute can be waived by a party. Therefore, we find the defendant's argument on waiver unpersuasive.

[10] General Statutes (Rev. to 2017) § 54-125e (b) provides: "When sentencing a person to a period of special parole, the court may recommend that such person comply with any or all of the requirements of subsection (a) of section 53a-30. The court shall cause a copy of any such recommendation to be delivered to such person and to the Department of Correction. The Board of Pardons and Paroles may require that such person comply with the requirements of subsection (a) of section 53a-30 which the court recommended. Any person sentenced to a period of special parole shall also be subject to such rules and conditions as may be established by the Board of Pardons and Paroles or its chairperson pursuant to section 54-126."

---