STATE OF CONNECTICUT *v.* ZACHERY
MARTIN BOSWELL
(AC 33896)

DiPentima, C. J., and Alvord and Lavery, Js.

---

Argued October 10, 2012—officially released April 16, 2013

*Michael Zariphes*, assigned counsel, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Mirella J. Giambalvo,* assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, Zachery Martin Boswell, appeals from the judgment of the trial court denying his petition for destruction of records, pursuant to General Statutes § 54-142d, of his conviction of sexual assault in the second degree in violation of General Statutes (Rev. to 2001) § 53a-71 (a) (1). On appeal, the defendant claims that the court erred in failing to follow the mandatory command of § 54-142d to order destruction of records of an offense when that offense has been decriminalized. We agree and reverse in part the judgment of the trial court.

The following facts and procedural history are not in dispute. On October 29, 2004, the defendant pleaded guilty under the *Alford* doctrine[1] to sexual assault in the second degree (statutory rape) under § 53a-71 (a) (1). That 2001 revision of § 53a-71 (a) provided in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and . . . (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such other person . . . ." General Statutes (Rev. to 2001) § 53a-71 (a). The defendant was two years and five months older than the victim. The defendant was sentenced to ten years imprisonment, execution suspended after twenty months, and ten years probation. The plea resulted from negotiations in

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (allowing criminal defendant to plead guilty to offense without admitting factual allegations underlying charged offense).

which the state agreed to replace the original information, which charged the defendant with sexual assault in the first degree under General Statutes § 53a-70 and risk of injury to a child in violation of General Statutes § 53-21.

In 2007, the legislature amended § 53a-71 (a) (1), changing the difference in age from two years to three years, thereby legalizing consensual sex between a person older than sixteen and a person between the ages of thirteen and sixteen if the age difference between them was less than three years. Public Acts 2007, No. 07-143, § 1 (P.A. 07-143).

On March 24, 2011, while charges were pending in Superior Court against the defendant for violation of probation in connection with an arrest in July, 2010, the defendant filed a petition for destruction of the record of his October, 2004 statutory rape charge, pursuant to § 54-142d.[2] While that petition was pending, the defendant, on June 8, 2011, filed a motion to terminate his probation. The court, *Westbrook, J.*, heard the petition for destruction of the record and the motion to terminate probation on June 21, 2011.

After hearing from the victim, the prosecution and the defendant, the court granted the motion to terminate probation, but denied the petition for destruction of the record. The court stated: "On the [petition] to decriminalize the offense, the court is going to deny

---

[2] General Statutes § 54-142d provides: "Whenever any person has been convicted of an offense in any court in this state and such offense has been decriminalized subsequent to the date of such conviction, such person may file a petition with the superior court at the location in which such conviction was effected, or with the superior court at the location having custody of the records of such conviction or with the records center of the Judicial Department if such conviction was in the Court of Common Pleas, Circuit Court, municipal court or by a trial justice, for an order of erasure, and the Superior Court or records center of the Judicial Department shall direct all police and court records and records of the state's or prosecuting attorney pertaining to such case to be physically destroyed."

that [petition]. The court is going to . . . grant the motion to terminate the probation. . . . The court's not willing at this time, though, to decriminalize what happened, but I am going to terminate the probation."

The defendant then made an oral motion for articulation regarding the denial of the petition for destruction of the record. The court articulated its decision in a written memorandum of decision dated July 19, 2011. In discussing the procedural history of the case, the court stated: "While the age difference between the defendant and [the] victim was two years and five months, thus providing a basis for the substituted sexual assault charge, the underlying facts of the case do not support the defendant's claim that the sexual act was consensual. According to the statement provided by the victim in the arrest warrant, the defendant is alleged to have brandished a knife and made serious threats against the victim during the offense."

The court went on to discuss the legal grounds supporting its decision to deny the petition for destruction, citing two statutes referred to as savings statutes: General Statutes §§ 1-1 (t) (general savings statute)[3] and 54-194 (Penal Code savings statute).[4] Citing *State* v. *Graham*, 56 Conn. App. 507, 511, 743 A.2d 1158 (2000), the court concluded that the holding in that case, that "savings statutes were enacted to prevent defendants from escaping punishment by allowing the state to pursue them under prior versions of the statute, regardless

[3] General Statutes § 1-1 (t) provides: "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."

[4] General Statutes § 54-194 provides: "The repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect."

of whether the newer revision imposed a greater or lesser penalty," applied to the defendant. The court stated that it was "not inclined to allow the defendant to escape the reach of the savings clause." This appeal followed.

On appeal, the defendant claims that the court improperly applied the savings statutes to this case because they apply only to pending prosecutions, punishment proceedings or existing punishments where a statute has changed the punishment, and not to cases like the present one, in which the offense has been decriminalized and therefore, is not subject to punishment. The defendant also argues that the savings statutes do not apply because § 54-142d, which by its plain language makes erasure and destruction of records mandatory when the statute's requirements have been met, was enacted long after and is more specific than both savings statutes.

The defendant also claims that the court improperly based its decision partly on the factual allegations in the arrest warrant for sexual assault in the first degree and risk of injury, notwithstanding that, as a result of the 2004 plea agreement, which the court accepted, those allegations were not proven or even, in the eyes of the law, charged.

The state concedes on appeal that neither *State* v. *Graham*, supra, 56 Conn. App. 507, nor either of the two savings statutes applies to the facts of this case. The state also concedes that the court was not permitted to rely on the underlying conduct alleged but instead was confined to considering the offense for which the defendant was convicted in evaluating the petition for destruction of the record. Finally, the state acknowledges that "§ 54-142d serves to benefit a person whose [P]enal [C]ode offense of conviction has been decriminalized . . . ."

The state argues instead that § 54-142d, by its plain and unambiguous language, does not apply to the defendant because the subdivision of subsection (a) for which he was convicted does not constitute an "offense" within the meaning of the statute. Rather, the state suggests, an offense under § 54-142d constitutes an entire criminal statute or, alternatively, an entire subdivision listing a set of elements that defines a crime. In this case, therefore, to decriminalize the defendant's offense of conviction, the legislature would have had to repeal all of § 53a-71, thereby eliminating all variations of statutory rape from the Penal Code, or at least repeal all of subsection (a) (1) of that statute, thereby eliminating "age differentiated sexual intercourse with a minor" as a criminal offense. The state maintains that the legislature distinguished between decriminalizing an offense and amending the elements of a specific crime, as it did when it amended § 53a-71 (a) (1), making consensual sex between a person who is between thirteen and sixteen years old and a person who is between two and three years older no longer a crime. Citing *Connelly* v. *Doe*, 213 Conn. 66, 72, 566 A.2d 426 (1989), the state argues: "Had the legislature intended § 54-142d to include persons whose conduct no longer constituted a crime, in addition to persons whose *offense of conviction* has been decriminalized, then it would have done so expressly." (Emphasis added.) The state also cites *Plourde* v. *Liburdi*, 207 Conn. 412, 416, 540 A.2d 1054 (1988), for the proposition that the legislature's use of different language in different statutes signifies a different meaning and different intent. Specifically, the state contrasts the language in § 54-142d ("such offense has been decriminalized") with that in General Statutes § 54-124a (j) (2) (a) ("such conduct no longer constitutes a crime").

The defendant argues that the state's reading of § 54-142d ignores the plain and unambiguous meaning of

the statute, based on the definition of "offense" in the Penal Code, which includes any crime or violation, including those where the legislature has amended the elements of a crime to legalize some previously illegal conduct, not just those where the legislature has repealed and eliminated an entire statute or subdivision of a statute. Alternatively, the defendant argues that reading § 54-142d as the state suggests would render the statute ambiguous, thereby opening the door to an examination of the legislative history and intent behind the statute. Such an inquiry, the defendant argues, would lead to the clear conclusion that the legislature intended for § 54-142d to apply not only to categories of offenses decriminalized in their entirety, but also to any crime for which the legislature had subsequently decriminalized the acts for which a defendant was convicted.[5] Finally, the defendant points to two cases in which the state agreed with, and the Superior Court granted, petitions for erasure and destruction under § 54-142d based on the same circumstances and the same statute as in this case. See *State* v. *Sean H.*, Superior Court, judicial district of New Britain, geographical area number fifteen, Docket No. CR-00-0191347 (June 9, 2009); *State* v. *Alberto C.*, Superior Court, judicial district of Waterbury, Docket No. CR-97-255469 (August 13, 2008).

None of the facts in this case are in dispute. The sole issue is whether, under § 54-142d, offenses include only

[5] See, e.g., 26 H.R. Proc., Pt. 2, 1983 Sess., p. 587 ("[Representative Richard D.] Tulisano: [w]hat the bill does is erase criminal records for those individuals, allows them to have the records erased, if they were convicted of a crime which this General Assembly subsequently decided it had not been a crime"); id., p. 591 ("[Representative] Tulisano: Decriminalized, I think, is self-explanatory, and any dictionary definition would be used, and I don't even think we need a legal dictionary . . . . It is criminal and we have decriminalized it. It's self-explanatory, no longer a crime. The elements which made up the offense are no longer a crime in Connecticut. It is no longer an offense."). Because we conclude that § 54-142d is unambiguous, we do not consider the legislative history.

entire statutes or subdivisions, or instead, also include specific acts once deemed illegal, but then legalized by changes in the text of specific statutes. Statutory interpretation presents a question of law over which we exercise plenary review. *State* v. *Lutters*, 270 Conn. 198, 205, 853 A.2d 434 (2004). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citation omitted; internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008). "[W]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so." (Internal quotation marks omitted.) *State* v. *Lutters*, supra, 215.

Section 54-142d provides in relevant part: "Whenever any person has been convicted of an offense in any court in this state and such offense has been decriminalized subsequent to the date of such conviction, such person may file a petition with the superior court . . . for an order of erasure, and the Superior Court or records center of the Judicial Department shall direct all police

and court records and records of the state's or prosecuting attorney pertaining to such case to be physically destroyed."

Public Act 07-143, § 1, provides in relevant part: "Section 53a-71 of the general statutes is repealed and the following is substituted in lieu thereof (Effective October 1, 2007): (a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than [two][6] three years older than such other person . . . ."

Section 54-142d uses the term "offense" to trigger its mandatory erasure and destruction provisions, but does not include a definition of "offense." The Penal Code, however, does include a definition of "offense." General Statutes § 53a-24 (a) provides: "The term 'offense' means any crime or violation which constitutes a breach of any law of this state or any other state, federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term 'crime' comprises felonies and misdemeanors. Every offense which is not a 'crime' is a 'violation'. Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense."

Therefore, if an act constitutes a crime under the Penal Code, it is defined as an offense. Section 53a-71 (a) contains eleven subdivisions, all listing a distinct set of elements that defines the offense of sexual assault in the second degree, and all separated by the word "or." Each subdivision describes a crime without reference to

---

[6] Words in brackets represent material deleted or replaced by the new statute.

the other subdivisions. A person need not satisfy the elements of all eleven subdivisions to be guilty of sexual assault in the second degree. Instead, if a person satisfies all of the elements in any one subdivision, that person has committed a crime, which constitutes an offense under § 53a-24. Nothing in § 53a-24 defines an offense as a statute or group of statutes, a category of crimes, or a group of crimes that share the same name. Accordingly, if the legislature decriminalizes the set of elements that constitute the offense, then with respect to that particular set of elements, the offense has been decriminalized. The plain language of § 54-142d, read in context with the definition of offense in § 53a-24, requires the court, upon a defendant's petition, to order erasure and destruction of records related to a crime that has been decriminalized, regardless of whether other crimes have the same name or are listed in the same statute. Such a result would be neither absurd nor unworkable.

The state cites two cases for the proposition that because the legislature used the words "*offense* has been decriminalized"; (emphasis added); in drafting § 54-142d and did not, instead, use words such as "such conduct no longer constitutes a crime," as, for example, in § 54-124a (j) (2) (A), it meant to include only those crimes grouped together under one name.

First, the state cites *Plourde* v. *Liburdi*, supra, 207 Conn. 416, for the proposition that the legislature's use of different language in different statutes signifies a different meaning and different intent in each statute. The state relies on the following language from our Supreme Court's opinion in that case: "[T]he use of different words [or the absence of repeatedly used words in the context of] the same [subject matter] must indicate a difference in legislative intention." (Internal quotation marks omitted.) Id. The Supreme Court's use of the words "in the context of the same subject matter,"

however, makes clear that the stated rule of construction does not apply to the facts of this case. Section 54-124a (j) (2) (A) governs the establishment of regulations for granting parole without a hearing, including when a person has been "convicted of a crime" that is a misdemeanor and "such conduct no longer constitutes a crime . . . ." It does not concern the erasure or destruction of records, which is the subject matter of § 54-142d. Nor does it consider the meaning of "offense" or what it means to decriminalize an offense. The state has offered no example in the General Statutes or case law to support a conclusion that the legislature made such a distinction related to erasure or destruction of records.[7]

Second, the state cites to language in *Connelly* v. *Doe,* supra, 213 Conn. 72, about the legislature's conveying its intent *expressly.* In *Connelly,* the issue was whether the legislature had given grand juries the power to investigate ongoing conduct or conduct that took place after the formation of the grand jury, based on whether the legislature used the past or present tense in the text of the governing statute. Id. That analysis does not apply to the question here.

To apply § 54-142d as the state suggests would allow a defendant whose crime is defined by only one set of elements to have the records of that crime erased and destroyed, but deny the same relief to a defendant whose crime shares the same name as others, but still meets the Penal Code definition of offense. Such a result

---

[7] Despite its concession regarding underlying conduct, the state, during oral argument before this court argued that the defendant may not take advantage of distinctions between conduct in the old and new versions of the statute and still argue that the court improperly relied on the underlying conduct alleged in the arrest warrant. The defendant, however, pleaded guilty to and was convicted of only the conduct specified in § 53a-71 (a) (1), not the conduct alleged in the original information, which the state agreed to abandon as part of the plea deal.

would be absurd and unworkable. Nothing in the text of § 54-142d, nor in any authority cited by the state, supports the proposition that the legislature intended this result or that it distinguished in § 54-142d between categories of offenses and individual crimes for the purposes of the erasure statute. The state's interpretation of the term "offense," which is at odds with the definition in the Penal Code, is therefore not reasonable.[8]

We conclude that had the legislature sought to exempt individual crimes from the statutory meaning of "offense" for the purpose of applying § 54-142d, it would have done so expressly. The court, therefore, improperly denied the defendant's petition for destruction of the record.

The judgment is reversed only as to the denial of the defendant's petition for destruction of the record of his decriminalized offense and the case is remanded with direction to grant the petition. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[8] Alternatively, the state argues that even if § 53a-71 need not be repealed in its entirety to fall within the definition of an offense that has been decriminalized, at least subsection (a) (1) of that statute would have to be repealed in order for the defendant's offense to be decriminalized. The state argues that because sexual assault in the second degree in violation of § 53a-71 (a) (1) is still an offense, even though its elements have been changed, the offense for which the defendant was convicted has not been decriminalized. This argument ignores the fact that the conduct for which the defendant was convicted was defined as an offense by § 53a-24, but as a result of the legislature's action in 2007, is no longer a crime and is therefore no longer an offense. Using the state's preferred term, the legislature in P.A. 07-143, by its plain language, *repealed* the subdivision under which the defendant was convicted and replaced it with a new subdivision that no longer governs the defendant's conduct. It is an offense that has been decriminalized.