******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MAX SPIELBERG
(SC 19627)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued September 16—officially released December 20, 2016*

*David B. Rozwaski*, assigned counsel, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III*, state's attorney, for the appellee (state).

*Opinion*

ESPINOSA, J. In this appeal, we are asked to decide whether the defendant, Max Spielberg, is entitled to erasure of the records of his conviction of possession of less than four ounces of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c), despite the lack of any factual record as to the amount of marijuana he possessed at the time of his arrest. The defendant appeals from the judgment of the trial court denying his petition for an order of erasure.[1] He contends that because possession of less than one-half ounce of marijuana has been decriminalized; see Public Acts 2011, No. 11-71, § 2 (P.A. 11-71); the trial court improperly concluded that he was not entitled to erasure of the records of this conviction pursuant to General Statutes § 54-142d.[2] Because this court's decision in *State* v. *Menditto*, 315 Conn. 861, 110 A.3d 410 (2015), clarified Connecticut case law while this appeal was pending, the judgment of the trial court is reversed and the case is remanded to that court to conduct an evidentiary hearing on the defendant's petition for an order of erasure.

The record reveals the following undisputed facts. On August 18, 2010, officers from the Community Conditions Unit of the Danbury Police Department visited the defendant's residence because he was on probation and had failed to inform the Office of Adult Probation of his new address within the requisite period of time after he had moved. The officers detected a strong odor of marijuana throughout the residence and asked the defendant if he had any marijuana on his person or in the residence. He indicated that there was marijuana both on his person and in the residence. In the defendant's pockets, the officers found $44 and eight clear plastic bags containing marijuana. Elsewhere in the residence, the officers found additional marijuana, drug paraphernalia, cultivation supplies, and $380. Located near some of the drugs, drug paraphernalia, and cultivation supplies were toys and clothing that belonged to the defendant's four year old son who visited and slept at the residence. The defendant indicated that his son had left the residence moments prior to the officers' arrival.

The defendant was arrested and subsequently, on April 1, 2011, pleaded guilty to possession of less than four ounces of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c),[3] possession of marijuana within 1500 feet of a school in violation of General Statutes (Rev. to 2009) § 21a-279 (d), and risk of injury to a child in violation of General Statutes (Rev. to 2009) § 53-21 (a) (1).[4] He received a total effective sentence of five years and one day of incarceration followed by seven years of special parole.

On July 1, 2011, P.A. 11-71 became effective, reducing

the penalty for possessing less than one-half ounce of marijuana from a potential term of imprisonment and/or a large fine to a fine of between $150 and $500. See General Statutes § 21a-279a. The enactment of P.A. 11-71 raised the question of whether the legislature had "decriminalized" the possession of small amounts of marijuana, thus entitling some defendants who had been convicted of possession of less than four ounces of marijuana in violation of § 21a-279 (c), prior to 2011, to erasure of their records by virtue of § 54-142d.[5]

The trial court considered this claim in *State* v. *Menditto*, Superior Court, judicial district of Tolland, Docket No. CR-09-0095007-S (January 25, 2012) (53 Conn. L. Rptr. 415). In that case, Nicholas Menditto was arrested for possession of approximately 0.15 and 0.01 ounces of marijuana on two occasions in 2009, and subsequently pleaded guilty to two counts of possession of less than four ounces of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c). Id., 416. After the legislature amended § 21a-279 through P.A. 11-71, Menditto filed petitions for erasure pursuant to § 54-142d, arguing that § 54-142d applied to his convictions because P.A. 11-71 decriminalized the possession of less than one-half ounce of marijuana. Id. The trial court concluded that P.A. 11-71 did not "decriminalize" the possession of less than one-half ounce of marijuana for purposes of § 54-142d because those convictions remained violations and, therefore, the defendant was not entitled to erasure. Id., 417–18. The Appellate Court agreed and affirmed the judgments of the trial court. *State* v. *Menditto*, 147 Conn. App. 232, 246, 80 A.3d 923 (2013).

Pursuing a similar argument as Menditto, the defendant in the present case filed a petition for erasure pursuant to § 54-142d on March 5, 2013. Consistent with the trial court's decision in *State* v. *Menditto*, supra, 53 Conn. L. Rptr. 415, the trial court in the present case denied the defendant's petition for erasure and subsequently denied the defendant's motion for reconsideration. This appeal followed.

While this appeal was pending, the effect of P.A. 11-71 was clarified when this court decided *State* v. *Menditto*, supra, 315 Conn. 861. In that case, we reversed the Appellate Court in part and concluded that P.A. 11-71 decriminalized the possession of less than one-half ounce of marijuana and, therefore, the records of Menditto's convictions were entitled to erasure pursuant to § 54-142d. Id., 872–76.

In contrast to *State* v. *Menditto*, supra, 315 Conn. 861, however, in which there was a factual record of the amount of marijuana Menditto possessed at the time of his arrests, no such record exists in the present case. Under the current state of the law, the amount of marijuana that the defendant possessed—specifically whether he possessed less than one-half ounce of mari-

juana—is key to the determination of whether he is entitled to erasure pursuant to § 54-142d. The record in the present case merely reveals that the defendant pleaded guilty to possession of less than *four ounces* of marijuana. Because P.A. 11-71 only decriminalized the possession of less than *one-half ounce* of marijuana, and this court does not find facts, factual findings by the trial court as to the amount of marijuana the defendant possessed are necessary to a determination of whether he is entitled to erasure of the records relating to his conviction.

The state contends that this court should affirm the denial of the defendant's petition for erasure because his conviction of possession of less than four ounces of marijuana was the basis for his conviction under the same docket number of possession of a controlled substance within 1500 feet of a school and risk of injury to a child. In order for the defendant to be entitled to erasure pursuant to § 54-142d of the records pertaining to any one offense of which he was convicted, the state contends that the records of the companion charges for which he was convicted under that same docket number also must be entitled to erasure because such a requirement is present in General Statutes § 54-142a, a related erasure statute. We disagree.

Specifically, the state relies on § 54-142a (g), which is an exception to the general rules of erasure set forth in § 54-142a. Section 54-142a provides for the erasure of records in certain circumstances, including: the records of the police, the court, and the state's attorney when a person is acquitted or the charges are dismissed; General Statutes § 54-142a (a); when criminal charges are nolled; General Statutes § 54-142a (c); or when a person is pardoned. General Statutes § 54-142a (d). Section 54-142a (g), however, provides that the provisions of § 54-142a (a), (c) and (d) do not apply to "any information or indictment containing more than one count . . . when the criminal case is disposed of *unless and until all counts are entitled to erasure* in accordance with the provisions of this section . . . ." (Emphasis added.) The state, in effect, asks this court to read the language of § 54-142a (g) into § 54-142d, the statute pertaining to the destruction of the records of decriminalized offenses. We decline to do so because the legislature clearly intended to treat these statutes differently.

It is a well settled tenet of statutory construction that "[w]hen a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed. . . . That tenet of statutory construction is well grounded because [t]he General Assembly is always presumed to know all the existing statutes and the effect that its action or [nonaction] will have upon

any one of them." (Internal quotation marks omitted.) *State* v. *Heredia*, 310 Conn. 742, 761, 81 A.3d 1163 (2013).

It is undisputed that the limitation contained in § 54-142a (g) is omitted from § 54-142d, a statute that, similar to § 54-142a, also concerns the erasure of criminal records. This omission is evidence that the legislature intended to treat the erasure of records pertaining to charges that have been dismissed or nolled and records of people who have been acquitted or pardoned, differently than records pertaining to decriminalized offenses. The legislature's differential treatment, moreover, seems intentional given the legislature's subsequent amendments to § 54-142a (g). The legislature enacted § 54-142a (g) in 1975, and § 54-142d in 1983. In the forty-one years since its enactment, § 54-142a (g) has been amended no less than six times.[6] In 1993, the legislature made the first amendment to § 54-142a (g) since its enactment of § 54-142d; Public Acts 1993, No. 93-142, § 3; but did not reference decriminalized offenses or § 54-142d. In 1995, the legislature further amended § 54-142a (g). See Public Acts 1995, No. 95-133, § 1. Yet again, it made no mention of decriminalized offenses or § 54-142d. The legislature amended § 54-142a (g) three more times, in 1999, 2002, and 2008, and failed to reference decriminalized offenses or § 54-142d in these amendments.[7] Moreover, in the thirty-three years since the enactment of § 54-142d, the legislature has never added restrictive language similar to § 54-142a (g). If the legislature intended that the limitation of § 54-142a (g) apply to the erasure of decriminalized offenses, it could have amended it to include the records of decriminalized offenses entitled to erasure under § 54-142d, or amended § 54-142d by adding a subsection similar to § 54-142a (g). It did not do so. We, therefore, decline to adopt the state's contention that, because the defendant's conviction of possession of less than four ounces of marijuana was the basis for the other charges of which he was convicted, he is not entitled to erasure.

The judgment denying the petition for an order of erasure is reversed and the case is remanded with direction to conduct an evidentiary hearing to determine whether the defendant possessed less than one-half ounce of marijuana and the record of that conviction is therefore entitled to erasure under § 54-142d.

In this opinion the other justices concurred.

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The defendant also argues that this court should use its supervisory authority to vacate his conviction of the other two charges to which he pleaded guilty under the same docket number, possession of a controlled substance within 1500 feet of a school in violation of General Statutes (Rev. to 2009) § 21a-279 (d) and risk of injury to a child in violation of General Statutes (Rev. to 2009) § 53-21 (a) (1). We disagree. The present case does not present extraordinary circumstances sufficient for this court to exercise

its supervisory authority. See *State* v. *Edwards*, 314 Conn. 465, 498, 102 A.3d 52 (2014); *State* v. *Lockhart*, 298 Conn. 537, 576, 4 A.3d 1176 (2010).

[3] At the time of the defendant's plea, General Statutes (Rev. to 2009) § 21a-279 (c) provided in relevant part: "Any person . . . who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

[4] In addition to the offenses to which the defendant pleaded guilty, he also had been charged with an additional count of possession of a controlled substance within 1500 feet of a school in violation of General Statutes (Rev. to 2009) § 21a-279 (d), two counts of possession of a controlled substance with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b), two counts of possession of drug paraphernalia within 1500 feet of a school in violation of General Statutes (Rev. to 2009) § 21a-267 (c), possession of a controlled substance with intent to sell in violation General Statutes § 21a-277 (b), and use of drug paraphernalia in violation of General Statutes (Rev. to 2009) § 21a-267 (a). The state entered a nolle prosequi for each of the remaining charges.

At the time of his arrest the defendant was on probation for a 2006 conviction of criminal attempt to sell a hallucinogenic substance in violation of General Statutes § 21-277 (a). As a result, he was also charged with violation of probation in violation of General Statutes (Rev. to 2009) § 53a-32 under a different docket number. The defendant pleaded guilty to violation of probation on January 19, 2011.

[5] General Statutes § 54-142d provides in relevant part: "Whenever any person has been convicted of an offense in any court in this state and such offense has been decriminalized subsequent to the date of such conviction, such person may file a petition with the [S]uperior [C]ourt . . . for an order of erasure, and the Superior Court . . . shall direct all police and court records and records of the state's or prosecuting attorney pertaining to such case to be physically destroyed."

[6] Section 54-142a (g) was first amended in 1981. Public Acts 1981, No. 81-218, § 1. The legislature did not reference decriminalized offenses in that amendment; that amendment, however, predated the enactment of § 54-142d.

[7] See Public Acts 1999, No. 99-215, § 18; Public Acts 2002, No. 02-132, § 60; Public Acts 2008, No. 08-151, § 1.

_____